# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RANDALL GREER, individually and as personal representative of the Estate of Christopher Greer, deceased,**

      **Plaintiff,**

v.                                                  **Case No:   6:15-cv-677-Orl-41GJK**

**WAYNE IVEY, in his official capacity as Sheriff of Brevard County, TOWN OF INDIALANTIC, Florida, a municipal corporation, CPL. JAMES HAMAN, individually and as an employee of Wayne Ivey in his official capacity as Sheriff of Brevard County, and DEPUTY DIOMEDIS CANELA, individually and as an employee of Wayne Ivey in his official capacity as Sheriff of Brevard County,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT SHERIFF IVEY'S AGREED MOTION TO TAX COSTS (AMENDED) (Doc. No. 316)** |
| **FILED:** | **October 7, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

On August 8, 2017, a judgment was entered in favor of Defendant Wayne Ivey against Plaintiff.  Doc. No. 290.  On August 10, 2017, Ivey timely filed a Bill of Costs.  Doc. No. 291.  On September 18, 2019, the Court entered an order denying Ivey's Bill of Costs without prejudice

pending the outcome of appellate proceedings.  Doc. No. 298.  On September 16, 2019, a mandate issued from the Eleventh Circuit Court of Appeals and the judgment in favor of Ivey was affirmed. Doc. Nos. 308, 309. On September 24, 2019, the Court issued an order reopening the case and providing that renewed motions for taxation of costs be filed on or before October 7, 2019.  Doc. No. 312.  On October 7, 2019, Ivey filed an agreed motion to tax costs against Plaintiff Randall Greer as personal representative of the Estate of Christopher Greer (the "Renewed Motion").  Doc. No. 316.  In his Renewed Motion, Defendant seeks $400 in clerk's fees, $18,681.47 in fees for transcripts necessarily obtained for use in the case, and fees and disbursements for printing of $847.04 for a total of $19,928.51.  Doc. No. 316-1.  Ivey has provided a detailed itemization of each cost requested and an affidavit averring that all costs were necessarily incurred for use in this case.  Doc. Nos. 316-1 and 316-2.  In the Renewed Motion, Ivey represents that Plaintiff agrees to the costs requested.  Doc. No. 316 at 2.

Generally, a prevailing party may tax costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920.  Rule 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs.  Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;

> (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

*Id*. The court has limited discretion in awarding costs, and is permitted to tax only those items specified in § 1920, unless authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Costs for copying documents necessarily obtained for use in the case are taxable. 28 U.S.C. § 1920(4). As Plaintiff has agreed to the costs requested, and each category of costs is permitted by section 1920, the Court recommends granting the Renewed Motion.

Based on the foregoing, it is **RECOMMENDED** that the Renewed Motion (Doc. No. 316) be **GRANTED** and the Court enter a separate judgment for costs against the Plaintiff Randall Greer as personal representative of the Estate of Christopher Greer in favor of Defendant Wayne Ivey, in his official capacity as Sheriff of Brevard County, in the amount of $19,928.51.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on October 10, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

- 4 -

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy