UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RANDALL GREER,**

        **Plaintiff,**

**v.**                                                                          **Case No:  6:15-cv-677-Orl-41GJK**

**WAYNE IVEY, TOWN OF
INDIALANTIC, JAMES HAMAN and
DIOMEDIS CANELA,**

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Second Amended Motion to Bring Electronic Equipment for Use at Trial ("Motion," Doc. 372). The Motion requests that the Court grant Plaintiff's attorneys, their paralegals, and an information technology support personnel permission to bring various electronic devices into the Courthouse for the upcoming trial beginning on January 21, 2020. In regard to the list of devices that Plaintiff requests the information technology support personnel be allowed to bring, those requests will be granted. And, various paralegals will be given permission to carry those devices to assist in the transportation of the devices into the Courtroom. However, at a telephonic hearing, the Court told the parties that any requests for cell phones for non-attorneys needed a "very specific explanation" as to why the cellphones were needed. This Motion requests that two paralegals be permitted to bring their cell phones into the Courtroom but does not give any reason, let alone a specific one regarding the

requests. Therefore, the requests that various paralegals[1] be permitted to bring their cell phones into the Courtroom will be denied.

Additionally, the Motion requests that various attorneys be permitted to bring their cell phones and laptops or tablets into the Courtroom. Pursuant to *In re Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida*, 6:13-mc-94-orl-22, at 3 (M.D. Fla. Sept. 26, 2013), *available at* https://www.flmd.uscourts.gov/standing-orders-plans-procedures, [2] counsel may bring personal electronic devices, including laptops and cell phones, into the courtroom without an additional court order. Therefore, any request that an attorney be permitted to bring a cell phone, laptop, or tablet into the courtroom will be denied as moot.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Second Amended Motion to Bring Electronic Equipment for Use at Trial (Doc. 372) is **DENIED in part**, **DENIED as moot in part**, and **GRANTED in part** in accordance with the Court's reasoning herein. The following individuals shall be permitted to bring the following electronic devices through the security checkpoint:

| Name of person allowed to bring in devices: | Seth Headley |
| --- | --- |
| List of devices allowed: | Rolling TV cart floor stand, 55" inch Vizio TV, 24" LCD Sceptre monitor, Adjustable height monitor boom stand, 25' HDMI cable (x3), 10' HDMI cable (x2), 6' HDMI cable (x4), 1-to-4 HDMI splitter, 4-to-1 HDMI input selector, 15" Sceptre Laptop (x2), MiFi WiFi Verizon hotspot, Logitech Presentation remote, Power strip (x4), 25' Extension cable |

---

[1] The Motion includes the name of a paralegal but does not request that he be permitted to bring any electronic device. (Doc. 372 at 3).

[2] Plaintiff cites to this standing Order in his Motion. However, the Court presumes that counsel did not actually read the Order, for if they had, they would have seen at page three where the Order specifically allows attorneys "permitted to practice law in the Middle District of Florida" to bring "any personal electronic device beyond the courthouse's security checkpoint." The Court warns counsel that it is best practice to read the Orders it cites.

| | |
|---|---|
| | (x4), IPEVO document camera, Gaffers tape (x2), Fujitsu document scanner, HP monochrome laser printer, Easel (x10), Two flip charts |
| Location of where devices may be used: | Courtroom 5B |
| Date: | Trial commencing January 21, 2020 |

| | |
|---|---|
| Name of person allowed to bring in devices: | Georgia Kent |
| List of devices allowed: | Rolling trial case, Lenovo laptop, charger cord, mouse, any of the devices listed above to assist Seth Headley |
| Location of where devices may be used: | Courtroom 5B |
| Date: | Trial commencing January 21, 2020 |

| | |
|---|---|
| Name of person allowed to bring in devices: | Clarisse Quandt |
| List of devices allowed: | Any of the devices listed above to assist Seth Headley |
| Location of where devices may be used: | Courtroom 5B |
| Date: | Trial commencing January 21, 2020 |

| | |
|---|---|
| Name of person allowed to bring in devices: | Eric Fitzpatrick |
| List of devices allowed: | Any of the devices listed above to assist Seth Headley |
| Location of where devices may be used: | Courtroom 5B |
| Date: | Trial commencing January 21, 2020 |

| | |
|---|---|
| Name of person allowed to bring in devices: | Douglas R. Beam |
| List of devices allowed: | Charging cords and device stands |
| Location of where devices may be used: | Courtroom 5B |
| Date: | Trial commencing January 21, 2020 |

| | |
|---|---|
| Name of person allowed to bring in devices: | Riley Beam |
| List of devices allowed: | Charging cords, USB3 Western Digital 2 terabyte portable external hard drive |
| Location of where devices may be used: | Courtroom 5B |
| Date: | Trial commencing January 21, 2020 |

| | |
|---|---|
| Name of person allowed to bring in devices: | Benedict Kuene |
| List of devices allowed: | HP Office Jet Printer 5255 Multifunction |
| Location of where devices may be used: | Courtroom 5B |
| Date: | Trial commencing January 21, 2020 |

| | |
|---|---|
| Name of person allowed to bring in devices: | Michael T. Davis |
| List of devices allowed: | Charging cords |
| Location of where devices may be used: | Courtroom 5B |
| Date: | Trial commencing January 21, 2020 |

**DONE** and **ORDERED** in Orlando, Florida on January 13, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record