UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


**RANDALL GREER,**

       **Plaintiff,**

**v.**                               **Case No:  6:15-cv-677-Orl-41GJK**

**JAMES HAMAN and DIOMEDIS CANELA,**

       **Defendants.**

_____/

### <u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding

this case. When I have finished you will go to the jury room and begin your

discussions, sometimes called deliberations.

## INSTRUCTION 1

### *THE DUTY TO FOLLOW INSTRUCTIONS*

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

## INSTRUCTION 2

### CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## INSTRUCTION 3

### *NOTE-TAKING*

You have been permitted to take notes during the trial. Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## INSTRUCTION 4

### *CREDIBILITY OF WITNESSES*

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## INSTRUCTION 5

### *IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS*

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## INSTRUCTION 6

### *EXPERT WITNESSES—WHEN EXPERT FEES REPRESENT A SIGNIFICANT PORTION OF THE WITNESSES' INCOME*

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where the court testimony is given with regularity and represents a significant portion of the witness's income.

## INSTRUCTION 7

### *RESPONSIBILITY FOR PROOF—PLAINTIFF'S CLAIMS, CROSS CLAIMS, COUNTERCLAIMS—PREPONDERANCE OF THE EVIDENCE*

In this case, it is the responsibility of Plaintiff Randall Greer to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Randall Greer's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Randall Greer.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Randall Greer's claim by a preponderance of the evidence, you should find for Defendants Haman and Canela as to that claim.

## INSTRUCTION 8

### CIVIL RIGHTS—42 U.S.C. § 1983 CLAIMS—FOURTH OR FOURTEENTH AMENDMENT CLAIM—PRIVATE PERSON OR PRETRIAL DETAINEE ALLEGING EXCESSIVE FORCE

In this case, Plaintiff as personal representative of the Estate of Christopher Greer, deceased, claims that Defendants Haman and Canela, while acting under color of law, intentionally committed acts that violated Christopher Greer's constitutional right to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer—even though the arrest is otherwise made in accordance with the law.

To succeed on this claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:  That Defendants Haman and Canela intentionally committed acts that violated Christopher Greer's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest;

Second: That Defendants Haman's and Canela's conduct caused Christopher Greer's injuries; and

Third:  That Defendants Haman and Canela acted under color of law. The parties have agreed that Defendants Haman and Canela acted under color of law, so you should accept that as a proven fact.

For the first element, Plaintiff claims that Defendants Haman and Canela used excessive force when arresting Christopher Greer. When making a lawful arrest, an officer has the right to use reasonably necessary force to complete the arrest. Whether a specific use of force is excessive or unreasonable depends on factors such as the crime's severity, whether a suspect poses an immediate violent threat to others, whether the suspect resists or flees, the need for application of force, the relationship between the need for force and the amount of force used, and the extent of the injury inflicted.

You must decide whether the force Defendants Haman and Canela used in making the arrest was excessive or unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances. Defendants Haman's and Canela's underlying intent or motivation is irrelevant.

For the second element, Defendants Haman's and Canela's conduct caused Christopher Greer's injuries if Christopher Greer would not have been injured without Defendants Haman's and Canela's conduct, and the injuries were a reasonably foreseeable consequence of Defendants Haman's and Canela's conduct.

If you find Plaintiff has proved each fact that he must prove, you must decide the issue of his damages. If you find that Plaintiff has not proved each of these facts, then you must find for Defendants Haman and Canela.

For the purposes of your deliberations, an attempt to effectuate an arrest can be considered an arrest.

## INSTRUCTION 9

### *DAMAGES—42 U.S.C. § 1983*

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all Plaintiff's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Defendants Haman and Canela. And you must not base these compensatory damages on speculation or guesswork.

But compensatory damages are not restricted to actual loss of money—they also cover the intangible aspects of the injury. Plaintiff does not have to introduce evidence of a monetary value for intangible things. You must determine what amount will fairly compensate the estate of Christopher Greer for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

In this case, the only compensatory damages available are those incurred by Christopher Greer's surviving daughter, Alexis. In determining the damages to be awarded to Plaintiff for the benefit of Christopher Greer's surviving daughter, Alexis, you shall consider, to the extent you find that Plaintiff has proved them by a preponderance of the evidence, and no others:

In determining any damages to be awarded to Plaintiff for the benefit of Christopher Greer's surviving daughter, Alexis, you shall consider Alexis' loss by reason of her father's death and of her father's support and services.

Page **12** of **17**

In determining the duration of any future loss, you may consider the joint life expectancy of Alexis and Christopher Greer and the period of minority, ending at age 25 of Alexis.

In evaluating past and future loss of support and services, you shall consider Alexis' relationship to her father, Christopher Greer, and the replacement value of Christopher Greer's services to Alexis.

In determining any damages to be awarded for the benefit of Christopher Greer's surviving child, Alexis, you shall consider certain additional elements of damages for which there is no exact standard for fixing the amount of compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the loss by Alexis of parental companionship, instruction and guidance as a result of Christopher Greer's death from the date of his death and the period of minority, ending at age 25 of Alexis.

**Punitive Damages:**

If you find for Plaintiff and find that Defendants Haman and Canela acted with malice or reckless indifference to Christopher Greer's federally protected rights, the law allows you, in your discretion, to award Plaintiff punitive damages as a punishment for Defendants Haman and Canela and as a deterrent to others.

Plaintiff, as personal representative of the estate of Christopher Greer, must

prove by a preponderance of the evidence that he is entitled to punitive damages.

A defendant acts with malice if their conduct is motivated by evil intent or motive. A defendant acts with reckless indifference to the protected federal rights of Christopher Greer when a defendant engages in conduct with a callous disregard for whether the conduct violates Christopher Greer's protected federal rights.

If you find that punitive damages should be assessed, you may assess punitive damages against one or more of the individual Defendants, and not others, or against one or more of the individual Defendants in different amounts.

## INSTRUCTION 10

### *CLOSING ARGUMENTS*

All Parties have rested their case.

The attorneys now will present their final arguments. Please remember that what the attorneys say is not evidence or your instruction on the law. However, do listen closely to their arguments. They are intended to aid you in understanding the case. Each side will have equal time to make their arguments, but the Plaintiff is entitled to divide this time between an opening argument and a rebuttal argument after the Defendants have spoken.

## INSTRUCTION 11

### *DUTY TO DELIBERATE*

I have given you instructions concerning the issue of the Plaintiff's damages, but that should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## INSTRUCTION 12

### *ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM*

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

{Explain verdict}

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.