UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RANDALL GREER, individually and as personal representative of the Estate of Christopher Greer, deceased,

    Plaintiff,

v().                                                              Case No:   6:15-cv-677-Orl-41GJK

WAYNE IVEY, in his official capacity as Sheriff of Brevard County, TOWN OF INDIALANTIC, Florida, a municipal corporation, CPL. JAMES HAMAN, individually and as an employee of Wayne Ivey in his official capacity as Sheriff of Brevard County, and DEPUTY DIOMEDIS CANELA, individually and as an employee of Wayne Ivey in his official capacity as Sheriff of Brevard County,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Defendant Town of Indialantic's Motion to Tax Costs as a Prevailing Party (Doc. 317). After due consideration, it is recommended that the motion be granted in part and otherwise denied.

## I. Background

On March 14, 2017, the Court entered summary judgment for Defendant Town of Indialantic ("Town") and against Plaintiff Randall Greer (Doc. 268). The Clerk entered judgment for the Town on August 8, 2017 (Doc. 290). Then the Town filed a bill of costs (Doc. 292), and Greer filed his response and objections (Doc. 295). On September 18,

---

[1] Magistrate Judge Thomas B. Smith substituting for Magistrate Judge Gregory J. Kelly.

2017, the Court entered an order denying the Town's bill of costs without prejudice pending the outcome of appellate proceedings (Doc. 298). The Eleventh Circuit Court of Appeals affirmed the judgment entered in favor of the Town, with the mandate issuing on September 16, 2019 (Doc. No. 308; Doc. 309).

The Court reopened the case on September 24, 2019 and gave the Town a deadline to renew its motion for taxation of costs (Doc. 312). The Town timely filed its proposed bill of costs (Doc. 313), and a motion to tax costs pursuant to FED. R. CIV. P. 54(d) and 28 U.S.C. § 1920[2] (Doc. 317). In its papers, the Town seeks $28,880.27 in costs (Id.). The Town's request is supported by an itemization of each cost requested (Doc. 313-1). Greer has not filed a response to the motion to tax costs and the time within which to do so has expired (Docket).

## II. Failure to Respond

When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[3] (citing Kramer v. Gwinnett Cty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after

---

[2] The Town has also filed a motion for attorney's fees and costs pursuant to § 768.79, Florida Statutes based on a rejected proposal for settlement and seeks costs under 28 U.S.C. § 1920 separately (Doc. 317 at 2).

[3] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

party failed to respond, court treated motion for summary judgment as unopposed). Although the Court could treat the Town's motion as unopposed and award all of the costs sought I believe the better approach is to analyze each part of the application and rule accordingly.

**III. Legal Standard**

A prevailing party may generally tax costs pursuant to FED. R. CIV. P. Rule 54(d), and 28 U.S.C. § 1920. Rule 54(d) provides that the prevailing party is entitled to recover costs from the opposing party as a matter of course unless the court directs otherwise. However, the rule does not give the district court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Taylor Indus. Constr. v. Westfield Ins. Co., No. 8:16-cv-2960, 2020 U.S. Dist. LEXIS 66363, at *22 (M.D. Fla. Apr. 15, 2020) (quoting Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964)). The court has limited discretion in awarding costs and is permitted to tax only those items specified in § 1920, unless authorized by statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Section 1920 provides that the following costs are recoverable:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5) Docket fees under § 1923 of this title;

    (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

Id.

## IV. Claims

The Town seeks to recover the following costs:

### A. Mediation Fees

The Town seeks reimbursement of the $854.00 mediation fee it paid in 2016 (Doc. 313-1, at 2). Mediation fees are not a taxable cost. Gary Brown & Assocs. v. Ashdon, Inc., 268 F. App'x 837, 846 (11th Cir. 2008); Taylor Indus. Constr., 2020 U.S. Dist. LEXIS 66363, at *27. Therefore, I recommend denial of this request. See Kivi v. Nationwide Mut. Ins. Co., 695 F.2d 1285, 1289 (11th Cir. 1983).

### B. Expert Witness Fees

The Town expended $4,700.00 paid to Greer's experts when they were deposed (Id.). Expert witness fees cannot be assessed in excess of witness fees provided in 28 U.S.C. § 1821. Kivi, 695 F.2d at 1289. Therefore, I recommend the Town's request be denied without prejudice to it seeking the statutorily permitted witness fees in compliance with 28 U.S.C. § 1821. See Robles v. Costco Wholesale Corp., No. 8:18-cv-1453, 2019 U.S. Dist. LEXIS 217834, at *5 (M.D. Fla. Nov. 19, 2019).

### C. Deposition Costs

The Town requests $15,726.83 in deposition costs that include expedited fees, more than one copy of a transcript, e-transcripts, shipping and delivery charges, litigation packages, and a lunch charge (Id., at 1, 4-25). Deposition transcripts are

taxable costs if they were "necessarily obtained" for use in the case. Taylor Indus. Constr., 2020 U.S. Dist. LEXIS 66363, at *27. Court reporter per diem appearance fees and exhibit costs are also recoverable. Computer Program & Sys. v. Wazu Holdings, Ltd., No. 15-00405, 2019 U.S. Dist. LEXIS 38118, at *31 (S.D. Fla. Mar. 11, 2019).

Non-recoverable deposition costs include litigation packages, expedited transcript fees, rough drafts, shipping and handling fees, disc copies, and e-transcript fees. Thyfault v. 21st Century Oncology, LLC, No. 3:16-cv-1094, 2019 U.S. Dist. LEXIS 144511, at *3-4 (M.D. Fla. Aug. 26, 2019) (citing Watson v. Lake Cty., 492 F. App'x 991, 997 (11th Cir. 2012); Computer Program & Sys., 2019 U.S. Dist. LEXIS 38118, at *23-25 (collecting cases which discuss nonrecoverable deposition costs)).

The Town offers no explanation why the deposition transcripts were "necessarily obtained." (Doc. 317). Therefore, I recommend this request be denied without prejudice to the filing of a properly supported request for deposition transcript costs pursuant to § 1920 and the applicable case law. See Robles, 2019 U.S. Dist. LEXIS 217834, at *4.

**D. Service of Process**

The Town requests $500.00 for service fees and $164.29 for witness fees (Doc. 313-1 at 26-31). Awards for witnesses are limited to $40 for each day a witness "attends court, appears before a Magistrate Judge, or gives his or her deposition." Taylor Indus. Constr., 2020 U.S. Dist. LEXIS 66363, at *25; 28 U.S.C. § 1821(1)(a). Here, I recommend granting the Town's request for $500.00 in service fees while denying without prejudice the request for the additional $164.29 in witness fees so that the Town can address the appropriate amount of witness fees in one complete motion. Robles, 2019 U.S. Dist. LEXIS 217834, at *5.

### E. Printing and Exemplification

Lastly the Town seeks $4,686.05 in printing costs plus an additional $2,304.05 in fees for exemplification and making copies of materials necessarily used in the case (Doc. 313 at 1). The Town's first request relates to copies of materials obtained from other sources which required payment to third parties (Doc. 313-1 at 36-54). The second set of printing costs relate to in-house copies used by counsel to prepare for depositions, trial, and to "develop a defense." (Doc. 313-1 at 3). Costs for copying documents necessarily obtained for use in the case are taxable. 28 U.S.C. § 1920(4). As Greer did not oppose the motion, and as there is at least some support for the expenses requested, I recommend granting the Town's request for $6,990.10 in printing, copies, and exemplification costs. 28 U.S.C. § 1920.

### IV. Recommendation

Based on the foregoing, it is **RECOMMENDED** that the Motion (Doc. No. 317) be **GRANTED in part** and **DENIED in part** as follows:

1. The Court enter a separate cost judgment for Defendant Town of Indialantic and against Plaintiff Randall Greer as personal representative of the Estate of Christopher Greer in the amount of $7,490.10;

2. The Town's request for expert witness fees, witness fees, and deposition costs be **DENIED without prejudice**;

3. The Town be given 14 days from the date of the Court's Order to file a renewed motion for the deposition transcript costs and witness fees if it chooses to do so; and that

    4. Otherwise, the motion be **DENIED.**

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 28, 2020.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding District Judge
    Counsel of Record
    Unrepresented Parties